IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CAMERON LASHUN BONDS,

    Plaintiff,

v.                                                                         Case No. 2:21-cv-02213-MSN-cgc

SHELBY COUNTY, TENNESSEE, a
Tennessee municipality; F/N/U Rounds,
in her individual capacity; SGT DEREK MARTIN,
in his individual capacity; OFFICER HERVELL
WILLIAMS, in his individual capacity; OFFICER
JONATHAN FULLILOVE, in his individual capacity;
OFFICER CORTEZ BLAIR, in his individual capacity;
and OFFICER JEREMY JORDAN, in his
individual capacity,

    Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS DEREK MARTIN, CORTEZ BLAIR, AND JEREMY JORDAN**

---

This cause comes before the Court on Plaintiff Cameron Bonds' Motion for Default Judgement Against Defendants Derek Martin, Cortez Blair, and Jeremy Jordan (collectively "defaulting Defendants"), filed on June 14, 2021. (ECF No. 22.) This 42 U.S.C. § 1983 action arises from Plaintiff's incarceration at the Shelby County Correctional Center in Memphis, Tennessee. (ECF No. 1 at PageID 1–2.) Plaintiff alleges that correctional officers Derek Martin, Hervell Williams, Johnathan Fullilove, Cortez Blair, and Jeremy Jordan retaliated against him for exercising his First Amendment right to file a grievance and subjected him to excessive force by

1

assaulting him on two occasions. (*Id.* at PageID 11–13.) Plaintiff also raises *Monell* claims against Defendant Shelby County. (*Id.* at PageID 13–15.)

Plaintiff served Defendant Jordan with summons on April 13, 2021. (ECF No. 15.) Defendants Blair and Martin received service the next day. (ECF Nos. 16 and 17.) To date, these Defendants have not appeared, prompting Plaintiff to request that the Court enter a default judgment against them pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 22 at PageID 102–03.)

Plaintiff's motion is premature. Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief. . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is **no just reason for delay**." (emphasis added). Here, the Court finds that there is just reason to delay entering default judgment.

It is the Sixth Circuit's "preferred practice" in multi-defendant cases "to withhold granting default judgment until the trial of the action on the merits." *Alig-Mielcarek v. Jackson*, No. 2:11-cv-00255, 2013 WL 6000975, at *1 (S.D. Ohio Nov. 12, 2013) (quoting *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1274, 1988 WL 93305, at *3 (6th Cir. 1988) (table opinion)). This practice traces back to the Supreme Court's holding in *Frow v. De La Vega*, 82 U.S. 552 (1872). *See Synovus Bank v. Highway Seventy Partners*, No. 2:14-cv-02340-STA-CGC, 2014 WL 7272395, at *1 (W.D. Tenn. Dec. 18, 2014). In *Frow*, the plaintiff alleged that the defendants engaged in a conspiracy to defraud him. *Frow*, 82 U.S. at 554. One of the named defendants, however, did not answer the complaint and a default judgment was entered against him. *Id.* The Supreme Court later reversed the entry of a default judgment, explaining that when "there might be one decree of the court sustaining the charge . . . and another decree disaffirming the said charge… [s]uch a state

of things is unseemly and absurd, as well as unauthorized by law." *Id.*  Put differently, *Frow* cautions against allowing the possibility of inconsistent judgments within the same suit.  *Id*; *see also Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908–09 (E.D. Mich. 2005) ("[T]he Court finds that the potential for inconsistent judgments requires denying Nautilus's motion for default judgment.").

Notably, *Frow* involved a case where the defendants were jointly liable.  *Nautilus*, 369 F. Supp. 2d at 908–09.  Some courts have latched onto this fact and found *Frow* inapplicable in cases alleging joint and several liability.  *Id.* (citing *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980)).  Other courts, however, have found that the inquiry under *Frow* "turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform." *Synovus Bank*, 2014 WL 7272395, at *1 (quoting *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001)).  The Court finds that the latter approach better embodies the principle set forth in *Frow*.

Turning to the case at bar, the Court must determine whether entering a default judgment against the defaulting Defendants **now** might result in inconsistent judgments **later**.  The Court finds that such a possibility exists.  Plaintiff's allegations implicate all the individual defendants and suggest varying levels of involvement in the events giving rise to this action. (ECF No. 1 at PageID 5–10.) Indeed, Plaintiff alleges that Defendants Williams, Martin, Blair, Jordan, and Fullilove "colluded together and assaulted Plaintiff unlawfully and unnecessarily multiple times in response to Plaintiff exercising his First Amendment right[s]."  (*Id.* at PageID 11.)

As such, the Court finds that entering a default judgment against Defendants Blair, Martin, and Jordan would be imprudent at this time.  The possibility remains that a judgment could be

entered in favor of the remaining individual defendants after a decision on the merits.  If so, that would result in the exact kind of inconsistent judgment addressed in *Frow*.  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for default judgment.

**IT IS SO ORDERED**, this the 20th day of August, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE